Shaceeleord J.,
delivered tbe opinion of the Court.
This is an action of tresspass on tbe case brought by tbe plaintiff against tbe defendant, in tbe Circuit *640 Court of Davidson County, on the 17tb of January, 1866.
The declaration alleges that, in consequence of the bad condition of a street of the City, over which they have control, while he was traveling on said street, he was thrown from his carriage, and received injuries etc. The damages were laid at $10,000.
The defendant pleaded the general issue, and also a special plea of the statute of limitations, that more than one year had elapsed since the said cause of action accrued, before the 6th of May, 1861, and before this action commenced against them, and it is therefore barred. The cause was submitted to the jury under the charge of the Court, which resulted in a verdict for the defendant, from which the plaintiff appealed to this Court.
The facts necessary to be stated to understand the principles involved, are substantialy as follows:
In September 1859, the plaintiff while traveling on one of the streets of the City of Nashville, was thrown from his carriage and had his leg broken thereby. He alleges it was in consequence of the bad condition of the street; there was much proof taken which it is unnecessary to state. He brought his action in the Circuit Court of the County, previous to the May Term, 1860, to recover for the alleged injury. The cause was continued on the docket until the war, when the Courts were suspended. After the Courts were open, at the May Term, 1865, the following entry was made in the cause: “This cause being regularly reached and called, and the papers not being supplied, the *641 same is dismissed for want of papers; and a judgment was rendered against tbe plaintiff for cost.
Tbe error assigned, arises upon tbe refusal of tbe Court, to give tbe instruction asked for by tbe counsel of tbe plaintiff; tbe Court was requested to charge tbe jury, if a writ or suit for tbe same cause of action, was dismissed by tbe Court for tbe absence of tbe papers, that it would not preclude tbe plaintiff from maintaining another suit, for tbe same cause, provided, such second suit was brought within one year from such dismissal; which instructions were refused by tbe Court.
How this question shall be determined, must depend upon tbe construction to be given to section 2755 of tbe Code.
Tbe Act of 1715, chapter 27, and tbe Act of 1819, chapter 28, secs. 3 and 6, were carried into tbe Code, and embraced in sections 2754-2755. Under these Acts provision was made for tbe bringing a new suit, which saves tbe bar in only three cases: First, where tbe judgment for tbe plaintiff has been reversed for error. Second, where judgment has been arrested. Third, when tbe defendant cannot be served with process.
In these cases, if a new suit shall be brought within one year, tbe statute of limitations does not operate.
These statutes were construed in tbe case of Nicholson vs. Lauderdale, 3 Hum., 200, and tbe case of Anderson & Wife vs. Bedford, 4 Cold., 464, in which tbe principle stated was clearly settled.
Tbe question now, for our consideration is, does the provisions of sec. 2755, extend tbe rule, and give other *642 causes than those specified in the Acts aforesaid. The provision of sec. 2755, is: “If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff, upon any ground, not concluding his right of action, or where the judgment or decree, is rendered in favor of the plaintiff, and is arrested or reversed on appeal, the plaintiff or his representatives and privies, as the case may .be, may; from time to time, commence a new action, within one year after the reversal, or arrest.
This is a material change from the Act of 1715; the substance of that Act, ch. 27, sec. 6, provides, that, where the plaintiff had obtained judgment, which was reversed for error, or where a verdict had passed for the plaintiff, and the judgment was arrested, and judgment given, that the plaintiff should take nothing by his writ; in such case, the plaintiff, his heirs, etc., may commence a new action within one year after such judgment is reversed, or such judgment given against the plaintiff, and not after.
.The language of the Code under consideration, is very broad, and extends the rule. If the judgment or decree, is rendered against the plaintiff, upon any ground not concluding his right of action, he has a right to commence a new action within one year. What, was the legal effect of the dismissal of the plaintiff’s cause of action? It was a judgment against him, by which his suit was dismissed from the- Court. The reason alleged in the judgment, is, the want of papers, and it clearly falls_j within the principle embraced in sec. 2755, and did not conclude his right of action. *643 There is nothing in the record, by which it appears he was guilty of any wrong, or negligence. It was the judgment of the Court upon his rights, and is clearly embraced within the principles of the statute. The judgment is not in the nature of a non-suit, and was dismissed upon a ground, by which his right of action was not concluded.
Language could not have been more expressive than that embraced within the provisions of the Code. The question at issue, was not before the Court in settling the principles of the case of Anderson & Wife vs. Bedford, 4 Cold., referred to. The question in that case, urned upon the construction of the Acts of 1715 and 1819, as the cause of action in that case, accrued before the Code went into operation. Therefore, we do not regard that decision as an authority in the construction of see. 2755, of the Code. The expressions used by the Judge, that the Act of 1715, and the third section of the Act of 1819, were incorporated into the Code, in secs. 2754, 2755, and none other, we do not regard as an authority.
We think that the provisions of the Acts of 1715, and 1819, are embraced within the provisions of the sections referred to; and that the rule was also extended to any judgment or decree, if rendered against the plaintiff, upon any ground not concluding his right of action.
In the construction of statutes, the rule is, if there is doubt, it is the duty of the Court to give that construction that will save the right.
We are of opinion, therefore, the Legislature, in sec. 2755, did extend the rule to causes not embraced in the *644 Acts of 1715 and 1819; and that the dismissal of the suit of the plaintiff falls within the provisions of sec. 2755, and the Court erred in refusing the instructions asked- for.
The judgment will be reversed, and the cause remanded.